UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LANGROCK,<br><br>                    Petitioner,<br><br>        v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No. CV 17-01096 BRO (RAO)<br><br>ORDER SUMMARILY REMANDING CASE TO STATE COURT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL |

## I.      **INTRODUCTION**

On February 8, 2017, the Court received from Petitioner Michael Langrock ("Petitioner") a "Notice of Removal Under 28 U.S. Code § 1455, Permission to Proceed in forma Pauperis, Request for Attorney" (the "Notice"). (Dkt. No. 1.)

In his Notice, Petitioner asserts that his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments have been, and continue to be, denied. (Dkt. No. 1 at 4.) Petitioner alleges that he has been appointed constitutionally ineffective counsel in his pending state criminal prosecution in Ventura County Superior Court. (*Id.*) Petitioner also alleges that Ventura County Sheriff's Department deputies at the jail where Petitioner is

///

currently incarcerated prevented Petitioner from appearing in court, despite Petitioner having been ordered by the court to appear.  (*Id.* at 5.)

In his Notice, Petitioner requests to proceed *in forma pauperis* and also seeks to have counsel appointed to represent him.  (Dkt. No. 1 at 6.)

Although Petitioner's Notice states that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 (Dkt. No. 1 at 1; *see id.* at 3), a review of the Notice makes clear that this Court does not have jurisdiction over this state criminal action.

## II.    REMOVAL OF CRIMINAL PROCEEDINGS FROM STATE COURT

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994).  It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

Under section 1455,[1]

> [a] defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short

---

[1]    Unless otherwise noted, references to statutes identified only by their section are to statutes contained in Title 28 of the United States Code.

1    and plain statement of the grounds for removal, together

2    with a copy of all process, pleadings, and orders served

3    upon such defendant or defendants in such action.

4  28 U.S.C. § 1455(a).  The notice of removal "shall include all grounds for such

5  removal."  28 U.S.C. § 1445(b)(2).  A state-court defendant's "failure to state

6  grounds that exist at the time of the filing of the notice shall constitute a waiver of

7  such grounds, and a second notice may be filed only on grounds not existing at the

8  time of the original notice." *Id.*

9        Upon a state-court criminal defendant's filing of a notice of removal, the

10 district court receiving the notice must examine it promptly, and "[i]f it clearly

11 appears on the face of the notice and any exhibits annexed thereto that removal

12 should not be permitted, the court shall make an order for summary remand." 28

13 U.S.C. § 1445(b)(4).

14        It is only "[u]nder narrow and limited circumstances [that] state-court

15 criminal prosecutions may be removed to federal court." *El v. L.A. Police Dep't*,

16 No. CV 16-7013-JAK (PLA), 2016 WL 5419402, at *2 (C.D. Cal. Sept. 27, 2016).

17 Section 1445 "merely describes the procedural mechanism for removing criminal

18 cases.  It does not provide substantive grounds for removing criminal cases." *City*

19 *of North Las Vegas v. Davis*, No. 2:13-cv-00156-MMD-NJK, 2013 WL 2394930, at

20 *2 (D. Nev. May 30, 2013).  Bases for removal of state-court criminal proceedings

21 are found in sections 1442, 1442a, and 1443.[2]

22        First, under sections 1442(a) and 1442a, "[a]ny officer of the United States or

23 its courts, any officer of either House of Congress, or any member of the U.S.

24 armed forces subject to criminal prosecution may remove such an action if it arises

25 from acts done under color of such office or status." *El*, 2016 WL 5419402, at *2.

26        Additionally, under section 1443, a state-court defendant may remove a

27 criminal prosecution "[a]gainst any person who is denied or cannot enforce in the

28

---

[2]    Sections 1442, 1442a, and 1443 apply to removal of both civil and criminal proceedings.

3

courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). And finally, a state-court defendant may remove a criminal prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.* § 1443(2).

## III.   **DISCUSSION**

Petitioner's Notice fails to show that he has the right to remove this action pursuant to the statutes he has cited. First, "petitioner does not allege he is a federal officer being prosecuted for acts performed under color of such authority; thus, [sections 1442(a) and 1442a] do not provide petitioner the right to remove this action." *El*, 2016 WL 5419402, at *2.

Removal is also unavailable under 28 U.S.C. § 1443. A notice of removal invoking section 1443 must satisfy the two-part test stated in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966).

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (internal quotations and citations omitted).

///

4

Regarding the first requirement, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975). Thus, "[t]hat a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [section] 1443(1)." *Id.*

Regarding the second requirement, it is "normally require[d] that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Johnson*, 421 U.S. at 219 (citations and internal quotation marks omitted).

Here, Petitioner's Notice fails both requirements for removal under section 1443. First, while Petitioner states his ethnicity (Dkt. No. 1 at 3), Petitioner does not assert anywhere in his Notice that his rights against racial discrimination are being violated. Moreover, Petitioner "point[s] to no formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor [does he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Patel*, 446 F.3d at 999; *see also D&A Intermediate-Term Mortg. Fund III LP v. Suite*, No. SACV 17-00214-AG (KESx), 2017 WL 548908, at *3 (C.D. Cal. Feb. 9, 2017) ("Defendant has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore her federal rights."). Petitioner's reference to various alleged constitutional violations is insufficient to warrant removal. *See People of the State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam) ("[I]t is clear that the rights that [petitioners] assert spring, not from specific statutory grants, but from the broad protections of the First and Fourteenth Amendments. Such rights are not within the coverage of section 1443.").

As noted above, a notice of removal must include all grounds for removal, and the failure to do so results in a waiver of grounds existing at the time of the notice's filing that were not included.  28 U.S.C. § 1445(b)(2).  Here, Petitioner has failed to "identify any statute or other authority empowering petitioner to remove this criminal action from the state court," and thus Petitioner "has . . . failed to satisfy his burden of establishing that the Court has subject-matter jurisdiction over this action."  *El*, 2016 WL 5419402, at *3.  "[P]etitioner may not cure this deficiency by filing a second notice of removal stating additional grounds justifying removal," because even if he could identify some authority for removal, "he has now waived the opportunity to do so."[3]  *Id.*  As Petitioner has not established a proper basis for removal, the Court lacks jurisdiction over this matter.

## IV.   **CONCLUSION**

For the foregoing reasons, Petitioner is not entitled to removal of his pending state criminal proceedings.  IT THEREFORE IS ORDERED that, pursuant to 28 U.S.C. § 1455(b)(4), this matter is summarily remanded to the Ventura County Superior Court forthwith.  Petitioner's requests to proceed *in forma pauperis* and for the appointment of counsel are DENIED as MOOT.

IT IS SO ORDERED.
DATED: February 24, 2017

By: _____
        Honorable Beverly R. O'Connell
        United States District Court Judge

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3]   Petitioner asks the Court to excuse his failure to state all grounds for removal based on good cause.  (Dkt. No. 1 at 3, 7.)  While a district court may grant relief, if good cause is shown, for failure to include all grounds for removal, 28 U.S.C. § 1455(b)(2), Plaintiff fails to explain why good cause exists.